# U.S. District Court
## Western District of Kentucky (Louisville)
## CRIMINAL DOCKET FOR CASE #: 3:21−mj−00028−CHL All Defendants

Case title: USA v. Jones

Date Filed: 01/19/2021
Date Terminated: 01/22/2021

---

Assigned to: Magistrate Judge
Colin H. Lindsay

**Defendant (1)**

**Chad Barrett Jones**
*TERMINATED: 01/22/2021*

represented by **Nathan Miller**
Suhre & Associates LLC
214 S. Clay Street, Suite A
Louisville, KY 40202
502−221−3318
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
| --- | --- |
| None | |

| **Highest Offense Level (Opening)** | |
| --- | --- |
| None | |

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

| **Highest Offense Level (Terminated)** | |
| --- | --- |
| None | |

| **Complaints** | **Disposition** |
| --- | --- |
| Removal from District of Columbia | |

---

**Plaintiff**

**USA**

represented by **Stephanie M. Zimdahl**
U.S. Attorney Office − Louisville
717 W. Broadway
Louisville, KY 40202
502−582−6217

Fax: 502−582−5067
Email: stephanie.zimdahl@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 01/19/2021 | | | Arrest (Rule 5) of Chad Barrett Jones. (DLW) (Entered: 01/20/2021) |
| 01/19/2021 | 1 | 3 | Rule 5 Documents Received from District of Columbia, Case Number 1:21−mj−00076−ZMF as to Chad Barrett Jones. (DLW) (Entered: 01/20/2021) |
| 01/19/2021 | | | Proceedings held before Magistrate Judge Colin H. Lindsay: Initial Appearance via video conference in Rule 5(c)(3) Proceedings as to Chad Barrett Jones held on 1/19/2021. (Court Reporter: Digitally Recorded.) (DLW) (Entered: 01/21/2021) |
| 01/20/2021 | 2 | | SEALED DOCUMENT (DLW) (Entered: 01/20/2021) |
| 01/20/2021 | 4 | 16 | APPEARANCE Bond Entered in amount of $100,000 secured as to Chad Barrett Jones. (Attachments: # 1 Order setting conditions of release) (DLW) (Entered: 01/22/2021) |
| 01/21/2021 | 3 | 15 | ORDER by Magistrate Judge Colin H. Lindsay on 1/20/2021: Initial appearance via video conference as to Chad Barrett Jones on 1/19/2021. Preliminary Examination/Detention Hearing set for 1/20/2021 at 1:00 PM via VideoConference before Magistrate Judge Colin H. Lindsay. The defendant is remanded to the custody of the United States Marshals Service pending further order of the Court. cc: Counsel, USM−Lou (DLW) (Entered: 01/21/2021) |
| 01/21/2021 | | | Remark: Re DN 4 − $100,000 bond posted by Amanda Jones. Receipt no. L33065986. (TLB) (Entered: 01/22/2021) |
| 01/22/2021 | 5 | 22 | ORDER for proceedings held before Magistrate Judge Colin H. Lindsay: Preliminary and Detention Hearings via video conference as to Chad Barrett Jones held on 1/20/2021. The defendant, through counsel, waived his right to a preliminary hearing in the Western District of Kentucky. Defendant is released on $100,000 secured bond with an order setting conditions of release. Defendant shall report to District of Columbia for further proceedings on 1/28/2021 at 1:00 p.m. via video conference. The Court's Case Manager will provide the Zoom link to counsel via email. (Court Reporter: Digitally Recorded.) cc: Counsel, USM, USDC−D.C. (DLW) (Entered: 01/22/2021) |

AO 91 (Rev. 11/11)   Criminal Complaint

**FILED**

JAMES J. VILT JR.,
CLERK

1/19/21

U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
3:21MJ-28-CHL Rule 5

# UNITED STATES DISTRICT COURT

for the

District of Columbia

United States of America )
v. )
)
CHAD BARRETT JONES )
DOB: xx/xx/xxxx )
)
)
)

Case: 1:21-mj-00076
Assigned to: Judge Zia M. Faruqui
Assign Date: 1/15/2021
Description: COMPLAINT W/ARREST WARRANT

_____
*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____January 6, 2021_____ in the county of _____ in the _____ District of _____Columbia_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111(a) and (b) | Assault on a Federal Officer; |
| 18 U.S.C. § 231(a)(3) | Certain Acts During a Civil Disorder; |
| 18 U.S.C. § 1361 | Destruction of Government Property over $1,000; |
| 18 U.S.C. § 1512(c)(2) | Obstruction of Justice; |
| 18 U.S.C. § 1752(a)(1)-(4) and (b) (1) | Unlawful Entry on Restricted Building or Grounds; |
| 40 U.S.C. § 5104(e)(2)(D) and (F) | Violent Entry and Disorderly Conduct on Capitol Grounds |

This criminal complaint is based on these facts:

See attached statement of facts.

❏ Continued on the attached sheet.

_____
*Complainant's signature*

JAVIER GONZALEZ, Special Agent, FBI
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by Telephone (specify reliable electronic means).

Date: _____01/15/2021_____

Zia M. Faruqui
2021.01.15 16:51:55 -05'00'
_____
*Judge's signature*

City and state: _____WASHINGTON, D.C._____

Zia M. Faruqui, U.S. Magistrate Judge
_____
*Printed name and title*

<u>**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**</u>
<u>**AND ARREST WARRANT**</u>

I, Javier A. Gonzalez, being first duly sworn, hereby depose and state as follows:

<u>**PURPOSE OF AFFIDAVIT**</u>

1.       This Affidavit is submitted in support of a Criminal Complaint charging Chad

Barrett JONES (hereinafter "JONES") with violations of 18 U.S.C. §§ 111(a) and (b), 18 U.S.C. §

231(a)(3), 18 U.S.C. § 1361, 18 U.S.C. § 1512(c)(2), 18 U.S.C. §§ 1752(a)(1)-(4) and (b)(1), and

40 U.S.C. §§ 5104(e)(2)(D) and (F).   Specifically, on January 6, 2021, JONES was present in

Washington, D.C., and knowingly and willfully joined a crowd of individuals who unlawfully

entered the U.S. Capitol and impeded, disrupted, and disturbed the orderly conduct of business by

the United States House of Representatives and the United States Senate.

<u>**BACKGROUND OF AFFIANT**</u>

2.       I have been a Special Agent with the Federal Bureau of Investigation ("FBI") since

2003.  I am currently assigned to a squad for the Washington Field Office that investigates criminal

enterprises and I am assisting in the investigation and prosecution of events that occurred at the

United States Capitol on January 6, 2021.  During my FBI career, I have participated in numerous

investigations of criminal activity, including violations related to securities fraud, bank fraud,

corporate fraud, mail fraud, wire fraud, conspiracy, money laundering, and violent crimes.  As a

Special Agent, I am authorized by law or by a Government agency to engage in or supervise the

prevention, detention, investigation, or prosecution of a violation of Federal criminal laws.

3.       Unless otherwise stated, the information in this Affidavit is either personally known

to me, has been provided to me by other individuals, or is based on a review of various documents,

records, and reports.  Because this Affidavit is submitted for the limited purpose of establishing

1

4

probable cause to support an application for an arrest warrant, it does not contain every fact known by me or the United States.  The dates listed in this Affidavit should be read as "on or about" dates.

**STATEMENT OF FACTS SUPPORTING PROBABLE CAUSE**

4.      The U.S. Capitol, which is located at First Street, SE, in Washington, D.C., is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification are allowed access inside the U.S. Capitol.

5.      On January 6, 2021, the exterior plaza of the U.S. Capitol was closed to members of the public.

6.      On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

7.      As the proceedings continued in both the House and the Senate and with Vice President Mike Pence presiding, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol Building, and U.S. Capitol police were present and attempting to keep the crowd away from the Capitol buildings and the proceedings underway inside.

8.      At such time, the certification proceedings still underway and the exterior doors and

windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, shortly after 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

9.      Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

10.     During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of scores of individuals inside the United States Capitol building without authority to be there, in violation of Federal laws.

11.     Following this incident, I reviewed video footage, including footage published by the Washington Post and on YouTube depicting the shooting of a woman who news outlets have identified as Ashli Babbitt, a former United States Air Force member.  The shooting occurred inside the United States Capitol building by an entrance to the Speaker's Lobby.  The Speaker's Lobby is a hallway that connects to the House of Representatives chambers.

12.     The video footage shows a large, aggressive crowd trying to breach a barricaded door to the Speaker's Lobby being guarded by three Capitol Police officers in front.  The words

3

"Speaker's Lobby" are visible at the top of the doors.   Chairs are among the items visible through the door's glass panels as being used to barricade the door from the inside of the Speaker's Lobby.

13.     Approximately three minutes before Babbitt's shooting, apparent lawmakers and officials can be seen yards away through the door's glass panels, standing in the Speaker's Lobby as they were being evacuated.  One man is seen repeatedly punching the glass panels immediately behind the officers, causing the glass to splinter.   Members of the crowd are shouting and gesticulating at the officers.   Someone can be heard shouting "Fuck the blue" multiple times. Another voice is heard telling the officers that the crowd is going to push its way to where they were and that the officers should leave because he saw people getting hurt outside and he did not want to see the officers get hurt.  The three officers then appear to move to the adjacent wall as colleagues in tactical gear arrived behind the rioters.

14.     Seconds after the officers begin moving away from the doorway, a man wearing a red hooded jacket and a gray skullcap starts striking the door's glass panels with what appears to be a long, wood flagpole.  Chants can be heard of "Break it down!" and "Let's fucking go!"  The man forcefully strikes the door at least 10 times, further damaging the glass panels, and then attempts to open the door by pulling on it with his left hand.  An officer inside the Speaker's Lobby, facing the door with a gun raised, can be seen at the side of the video in the close vicinity of the doorway.  When Babbitt is shot, the man in the red hooded jacket and gray skullcap is still next to the door holding the pole.  He appears in several stillshots to be a white male with facial

hair. Still images from the video are produced below.





5









15.     On January 8, 2021, W-1 submitted a tip to the FBI National Threat Operation Center. W-1 reported that the man "wearing a red hooded jacket and gray sock cap" who was "using a rolled up Trump flag to attempt to break the glass on an interior door … to the left of Ashli Babbit[t]" was "a family member" whom he had talked to the night of the incident.

16.     On January 8, 12, and 14, 2021, FBI agents interviewed W-1.  During the interviews, W-1 provided the following information.

17.     W-1 identified the man in the red jacket and gray cap as his family member CHAD JONES of Mount Washington, KY.  W-1 stated that he was watching the national news coverage of the events when he observed JONES using a pole to breach the doors inside the United States Capitol.  W-1 stated that JONES later told W-1 that JONES had been using a rolled up "Trump flag."

18.     W-1 stated that he believes JONES drove to the Washington, D.C. protests by himself.  W-1 also saw on Facebook that Jones was going to the United States Capitol.  W-1 advised that JONES had been to a previous Trump rally in Washington D.C.

19.     W-1 said he contacted JONES regarding what W-1 saw on the news and told JONES that JONES needed to contact the FBI or an attorney.  JONES wanted to explain to W-2 "why it all was happening and why it was a hoax."

20.     W-1 told the agents that W-1 discussed JONES' involvement in the events at the United States Capitol with W-2, JONES' close friend.

21.     On January 11, 2021, the FBI interviewed W-2, who provided the following information.

22.     W-2 self-identified as a friend of JONES.  W-2 indicated he saw footage of the United States Capitol incident on the Internet and recognized JONES in some of the videos wearing a red jacket and a gray toboggan cap.  W-2 further advised that he also observed JONES break a window inside the Capitol.  W-2 stated that JONES was standing close to the retired United States Air Force woman who was shot inside the Capitol, referring to Ashli Babbitt.

23.     W-2 stated that JONES called him on Thursday, January 7, 2021, and said that JONES was in trouble.  JONES also admitted to W-2 that he broke a window and JONES called himself an idiot.  JONES also told W-2 that JONES had been in the middle of the crowd and was able to walk into the United States Capitol without any problem.

## CONCLUSIONS OF AFFIANT

24.     Based on the foregoing, your affiant submits that there is probable cause to believe
that JONES violated:

a.   18 U.S.C. §§ 111(a) and (b), which make it a crime to forcibly assault, resist, oppose,
impede, intimidate, or interfere with any person designated in [18 U.S.C. § 1114]
while engaged in or on account of the performance of official duties; and punish the
commission of such acts using a deadly or dangerous weapon.  Pursuant to 18 U.S.C.
§ 1114, officers of the U.S. Capitol Police are "officers and employees of the United
States or of any agency in any branch of the United States government."

b.   18 U.S.C. § 231(a)(3), which makes it a crime to commit or attempt to commit any
act to obstruct, impede, or interfere with any law enforcement officer engaged in the
lawful performance of his official duties incident to and during the commission of a
civil disorder which in any way or degree obstructs, delays, or adversely affects
commerce or the movement of any article or commodity in commerce or the conduct
or performance of any federally protected function.  Under 18 U.S.C. § 232(1), "civil
disorder" means any public disturbance involving acts of violence by assemblages
of three or more persons, which causes an immediate danger of or results in damage
or injury to the property or person of any other individual.

c.   18 U.S.C. § 1361, which makes it a crime to willfully injure or commit any
depredation against government property, or attempt to do so.  The window in the
United States Capitol that JONES broke is property of the United States government.
The Superintendent of the United States Capitol Building has represented that the
repair cost will exceed $1,000.

d.  18 U.S.C. § 1512(c)(2), which makes it a crime to obstruct, influence, or impede any

official proceeding, or attempt to do so.  Under 18 U.S.C. § 1515, congressional

proceedings are official proceedings.

e.  18 U.S.C. §§ 1752(a) and (b), which make it a crime to (1) knowingly enter or

remain in any restricted building or grounds without lawful authority to do so, (2)

knowingly, and with intent to impede or disrupt the orderly conduct of Government

business or official functions, engage in disorderly or disruptive conduct in, or

within such proximity to, any restricted building or grounds when, or so that, such

conduct, in fact, impedes or disrupts the orderly conduct of Government business or

official functions, (3) knowingly, and with the intent to impede or disrupt the orderly

conduct of Government business or official functions, obstruct or impede ingress or

egress to or from any restricted building or grounds, or (4) knowingly engage in any

act of physical violence against any person or property in any restricted building or

grounds; or attempts or conspires to do so; and punish the commission of such acts

if the person, during and in relation to the offense, uses or carries a deadly or

dangerous weapon.  For purposes of 18 U.S.C. § 1752, a restricted building includes

a posted, cordoned off, or otherwise restricted area of a building or grounds where

the President or other person protected by the Secret Service is or will be temporarily

visiting; or any building or grounds so restricted in conjunction with an event

designated as a special event of national significance.

f.  40 U.S.C. §§ 5104(e)(2)(D) and (F), which make it a crime to willfully and

knowingly "engage in disorderly or disruptive conduct, at any place in the Grounds

or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the

orderly conduct of a session of Congress or either House of Congress, or the orderly

conduct in that building of a hearing before, or any deliberations of, a committee of

Congress or either House of Congress"; and "engage in an act of physical violence

in the Grounds or any of the Capitol Buildings."

25.     As such, I respectfully request that the court issue an arrest warrant for JONES.

The statements above are true and accurate to the best of my knowledge and belief.


_____
SPECIAL AGENT JAVIER A. GONZALEZ
FEDERAL BUREAU OF INVESTIGATION


Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

telephone, this 15th day of January, 2021.

Zia M. Faruqui
2021.01.15 16:52:14 -05'00'

_____
THE HONORABE ZIA M. FARUQUI
U.S. MAGISTRATE JUDGE

# United States District Court
# Western District of Kentucky
# at Louisville

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**VS.**                                           **CRIMINAL ACTION NUMBER: 3:21-MJ-28**

**CHAD JONES**                                                                  **DEFENDANT**

## ORDER

On January 19, 2021, Colin H. Lindsay, United States Magistrate Judge held an initial appearance via video conference on a Complaint from the District of Columbia (Case Number 1:21MJ-76).   Assistant United States Attorney Stephanie Zimdahl appeared on behalf of the United States.   The defendant was present, in custody, at the Oldham County Jail.   Nathan Miller, retained counsel, appeared on behalf of the defendant.   The proceeding was digitally recorded.

The defendant, via counsel, consented to proceed with initial appearance via video conference.

At the initial appearance, the defendant acknowledged his identity, was furnished with a copy of Complaint, was advised of the nature of the charges contained therein and was advised of his rights.

The Court advised the defendant regarding the provisions of Rule 20.   The Court also reminded the United States of its prosecutorial obligation under *Brady v. Maryland*, 373 U.S. 83 (1963).

The United States moved for detention.   Accordingly,

**IT IS HEREBY ORDERED** that a preliminary and detention hearing is scheduled for **January 20, 2021, at 1:00 p.m**. via video conference before Colin H. Lindsay, United States Magistrate Judge.   The defendant is remanded to the custody of the United States Marshals Service pending further order of the Court.

January 20, 2021

Colin H Lindsay, Magistrate Judge
United States District Court

:20

15

AO 98 (Rev. 12/11) Appearance Bond

**FILED**

JAMES J. VILT JR.,
CLERK
1/20/21

U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

# UNITED STATES DISTRICT COURT

### for the

### Western District of Kentucky

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| CHAD JONES | )    Case No. 3:21MJ-28 |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## APPEARANCE BOND

### Defendant's Agreement

I, _____ CHAD JONES _____ *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

( × )   to appear for court proceedings;

( × )   if convicted, to surrender to serve a sentence that the court may impose; or

( × )   to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

(   ) (1) This is a personal recognizance bond.

(   ) (2) This is an unsecured bond of $ _____ .

( × ) (3) This is a secured bond of $ _100,000.00_____ , secured by:

    ( × ) (a) $ _100,000.00_____ , in cash deposited with the court.

    (   ) (b) the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it — such as a lien, mortgage, or loan — and attach proof of ownership and value)*:

    If this bond is secured by real property, documents to protect the secured interest may be filed of record.

    (   ) (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

AO 98 (Rev. 12/11) Appearance Bond

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

### Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

(1)  all owners of the property securing this appearance bond are included on the bond;

(2)  the property is not subject to claims, except as described above; and

(3)  I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date: 1/20/21

_____
*Defendant's signature*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

CLERK OF COURT

T. Burch
_____
*Signature of Clerk or Deputy Clerk*

Date: 1/20/2021

Approved.

Date: 1/20/2021

_____
Colin H Lindsay, Magistrate Judge
United States District Court
*Judge's signature*

# UNITED STATES DISTRICT COURT
### for the
### Western District of Kentucky

| | |
|---|---|
| United States of America<br>v.<br>CHAD JONES | )<br>)<br>)<br>)<br>) |
| *Defendant* | |

Case No.  3:21MJ-28

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)  The defendant must not violate federal, state, or local law while on release.

(2)  The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3)  The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)  The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at:  U.S. District Court as directed
_____
*Place*

on _____
*Date and Time*

If blank, defendant will be notified of next appearance.

(5)  The defendant must sign an Appearance Bond, if ordered.

AO 199B (Rev. 12/11) Additional Conditions of Release

Page ___ of ___ Pages

## ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ✓ ) (6) The defendant is placed in the custody of:

Person or organization    Amanda Jones
Address (only if above is an organization)
City and state                                                                                Tel. No.

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: X _Amanda Jones_    1/21/2021
                          _Custodian_                          _Date_

( ✓ ) (7) The defendant must:

( ✓ ) (a) submit to supervision by and report for supervision to the    U.S. Probation as directed
telephone number _____, no later than _____

( ☐ ) (b) continue or actively seek employment.

( ☐ ) (c) continue or start an education program.

( ✓ ) (d) surrender any passport to:    U.S. Probation

( ✓ ) (e) not obtain a passport or other international travel document.

( ✓ ) (f) abide by the following restrictions on personal association, residence, or travel:    Western District of Kentucky
except for travel to/from District of Columbia for court related travel only.

( ☐ ) (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including:

( ☐ ) (h) get medical or psychiatric treatment:

( ☐ ) (i) return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes:

( ☐ ) (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.

( ✓ ) (k) not possess a firearm, destructive device, or other weapon. Or be in a residence or vehicle where a firearm or other weapon is present.

( ☐ ) (l) not use alcohol ( ☐ ) at all ( ☐ ) excessively.

( ☐ ) (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.  Including marijuana

( ☐ ) (n) submit to testing for a prohibited substance if required by the pretrial services office or supervising officer.  Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

( ☐ ) (o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

( ☐ ) (p) This form of location monitoring shall be utilized to monitor the following restriction on the defendant's movement in the community as well as other court-imposed conditions of release.

( ☐ ) (i) **Curfew.** You are restricted to your residence every day from _____ to _____ or as directed by the supervising officer.

( ☐ ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the supervising officer.

( ☐ ) (iii) **Home Incarceration.** You are restricted to your residence at all times except for medical necessities and court appearances or other activities specifically approved by the Court.

( ✓ ) (q) submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided.

( ✓ ) You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or supervising officer.

( ✓ ) You must comply with the technology requirements and the form of Location Monitoring as indicated below.

( ✓ ) Location Monitoring Equipment To Be Used:

( ✓ ) Location monitoring technology at the discretion of the officer

( ☐ ) Radio Frequency (RF) Monitoring

( ☐ ) Active GPS Monitoring

( ☐ ) Voice Recognition

( ✓ ) (r) report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

( ☐ ) (s) The defendant shall contribute to the United States Probation Office's cost of services rendered based upon his/her ability to pay as reflected in his/her monthly cash flow as it relates to the court-approved sliding scale fee.

( ✕ ) (t) Prohibited from entering any federal property unless approved in advance by United States Probation

( ✕ ) (u) Reside at primary authorized residence - address known to United States Probation

( ✕ ) (v) Prohibited from using social media applications and encrypted text messaging applications unless approved in advance by United States Probation.  Defendant may use MYCASE application for use with counsel.

AO 199C (Rev. 09/08) Advice of Penalties

# ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Defendant's Signature

_____
City and State

## Directions to the United States Marshal

( ✓ ) The defendant is ORDERED released after processing.
( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: _1/20/2021_____

_____
Colin H Lindsay, Magistrate Judge
United States District Court
Judicial Officer's Signature

COLIN H. LINDSAY, UNITED STATES MAGISTRATE JUDGE
Printed name and title

DISTRIBUTION:   COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL

# United States District Court
# Western District of Kentucky
# at Louisville

**UNITED STATES OF AMERICA**                                                           **PLAINTIFF**

**VS.**                                                   **CRIMINAL ACTION NUMBER: 3:21-MJ-28**

**CHAD JONES**                                                                         **DEFENDANT**

## ORDER

The above-styled case came before the undersigned on January 20, 2021 via video conference for a preliminary and detention hearing on a Complaint from the District of Columbia (Case Number 1:21MJ-76).   Assistant United States Attorney Stephanie Zimdahl appeared on behalf of the United States.   The defendant was present, in custody, at the Oldham County Jail.   Nathan Miller, retained counsel, appeared on behalf of the defendant.   The proceeding was digitally recorded.

The defendant, via counsel, consented to proceed with hearing via video conference.

The defendant, through counsel, waived his right to a preliminary hearing in the Western District of Kentucky and reserved his right to move for a hearing in the District of Columbia.

The Court heard arguments of counsel as to the matter of detention and for the reasons stated on the record,

**IT IS HEREBY ORDERED** that the defendant is released on $100,000 secured bond with an order setting conditions of release.

**IT IS HEREBY ORDERED** that the defendant shall report to District of Columbia for further proceedings on **January 28, 2021 at 1:00 p.m**. via video conference.   The undersigned's Case Manager will provide the Zoom link to counsel via email.

January 22, 2021

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel, USM, USDC-D.C.
1:20